IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY J. LUST, | ) |
| | ) |
| | ) CIVIL ACTION NO. _____ |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) |
| CONTINUUM PEDIATRIC NURSING | ) |
| SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| DEFENDANTS. | ) |

**COMPLAINT**

AND NOW COMES, plaintiff, Sally J. Lust, by and through her attorneys, Lawrence D. Kerr, Esq., Claire E. Throckmorton, Esq., and Tremba, Kinney, Greiner & Kerr, LLC, and files the within Complaint:

### I.   INTRODUCTION

1. This action is brought under The Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et seq. ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 955 et seq. ("PHRA"). Plaintiff alleges that defendant failed to provide her with a reasonable accommodation, then unlawfully discharged her.

### II.   JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367.

3. This court has federal question jurisdiction because plaintiff's claims under the ADA arise from a federal statute. 28 U.S.C. §1331.

4. This court has supplemental jurisdiction over plaintiff's state law PHRA claims under 28 U.S.C. §1376.

5. This court has personal jurisdiction over the defendant because its contacts with Pennsylvania and this federal judicial district meet the requirements necessary to satisfy the notions of fair play and justice established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

6. Venue is proper under 28 U.S.C. §1391 because the defendant resides in this judicial district and the plaintiff's claims arise from events which occurred in Allegheny County.

7. On February 10, 2017, the plaintiff mailed a signed intake questionnaire and continuation page to the Pittsburgh office of the Equal Employment Opportunity Commission ("EEOC"). The EEOC prepared a charge of discrimination which the plaintiff signed and forwarded to the EEOC requesting that it be dual filed with the Pennsylvania Human Relations Commission.

8. On February 7, 2018, the plaintiff was issued a 90-day Notice of Right to Sue letter. This complaint is filed within 90 days from the date she received the letter.

9. More than one year has elapsed from the dual filing of plaintiff's PHRA claims.

10. The plaintiff has properly exhausted her federal and state administrative remedies.

### III.   PARTIES

11.   The previous paragraphs are incorporated.

12.   Plaintiff Sally J. Lust ("Ms. Lust") is an adult citizen and resident of Pennsylvania with an address at 501 Palmetto Street, Irwin, Westmoreland County, Pennsylvania 15642.

13.   Defendant Continuum Pediatric Nursing Services, Inc. ("Continuum"), is a Pennsylvania corporation with an office at 645 Rodi Road, Suite 201, Building 3, Pittsburgh, Allegheny County, Pennsylvania 15235.  The facts giving rise to this suit occurred at that location.

14.   Continuum's website at https://www.continuum-nursing.com/ states that it is a provider of pediatric home care that specializes in private duty skilled nursing, intermittent nursing visits, speech language pathology and behavioral health services with various locations in Illinois, Pennsylvania, Maryland, North Carolina, South Carolina and Virginia.

15.   At all times relevant to this complaint, Continuum was Ms. Lust's employer under the ADA and PHRA and employed more than fifteen (15) employees.

### IV.   FACTUAL BACKGROUND

16.   The previous paragraphs are incorporated.

17.   Ms. Lust is 61 years old.  In January 2015, Continuum hired her to audit employee files and perform credentialing tasks.  She worked at Continuum's Pittsburgh office at 645 Rodi Road in Pittsburgh.

18. Ms. Lust reported to Beth Botti, Director of Nursing. Ms. Lust's duties included performing audits of personnel files, and then progressed to credentialing and other related functions.

19. Prior to being employed by Continuum, Ms. Lust had suffered from chronic lower back problems which substantially impaired her ability to lift, sit, bend, sleep, and stand for long periods. She received periodic treatment in the form of corticosteroid injections, physical therapy, and chiropractic care. Her impairment continued when she worked for Continuum.

20. In November 2016, Ms. Lust asked Ms. Botti if she could have a new chair because her present one tipped forward causing her severe back pain. Ms. Botti replied: "You can't have a new chair. Corporate won't allow it. We can't get one for everybody."

21. From January 9-13, 2017, Ms. Lust took approved medical leave because of her back spasms. During that period, she was unable to sit, stand, or walk.

22. She could not get an appointment with her primary care physician, so on Wednesday, January 11, 2017, she went to the Westmoreland Hospital Emergency Room. She had X-rays taken and was prescribed Flexeril.

23. She obtained an appointment to see her PCP on January 17, 2017.

24. On Friday, January 13, 2017, while Ms. Lust was at home recovering from back spasms, she attempted to use her work computer to perform credentialing tasks. She discovered that she had been locked out. She called Ms. Botti to see why. Ms. Botti

asked her if she had called Stacy, the IT technician.  Ms. Lust said no, then she asked Ms. Botti if she should expect to be fired.  Ms. Botti replied, "We'll talk about it on Monday."

25. On Monday, January 16, 2017 (the day before her PCP appointment), Ms. Lust reported to work.  Her building entry code did not work so she had to be buzzed in.

26. Ms. Botti met her and told her they there were deficiencies from an audit.

27. Ms. Lust tried to explain that those areas were not her responsibility.

28. Ms. Botti attempted to get Ms. Lust to sign a confession stating the deficiencies were her fault.

29. Ms. Lust refused, then Ms. Botti fired her.

30. Ms. Botti told Ms. Lust that she would be given a box for her personal items.

31. Ms. Lust asked if she was being fired because her daughter (who also worked for Continuum) had taken a job with a competitor.  Ms. Botti responded, "Off the record, go home, file for unemployment, and get a good lawyer.  The fact that you were off last week didn't help you."

32. Ms. Lust boxed her personal items and left.

33. Continuum's grounds for terminating Ms. Lust were a pretext.  In fact, she was terminated because she was disabled, requested a chair that would not hurt her back, and took medical leave to treat her chronic lower back spasms.

### V. COUNT I – ADA – FAILURE TO ACCOMMODATE

34. The previous paragraphs are incorporated.

35. Continuum is an "employer" under the ADA because it employed 15 or more employees who worked each work day in 20 or more calendar weeks during the relevant time period.

36. Ms. Lust is "disabled" within the meaning of the ADA due to her impairment related to her back which restricts her major life activities such as sitting, standing, and walking.

37. Ms. Lust is a "qualified individual with a disability" because she is qualified for her position and can perform her essential job functions with or without a reasonable accommodation.

38. The ADA requires employers to engage in an interactive process with individuals with disabilities to evaluate how their condition might be accommodated.

39. The ADA requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities unless it imposes an undue hardship.

40. Continuum would not have suffered an undue hardship by providing Ms. Lust with a chair that would not aggravate her back spasms. Continuum's justification that, "Corporate won't allow it. We can't get one for everybody," was unreasonable.

41. Continuum failed to engage in the interactive process and provide Ms. Lust with a reasonable accommodation for her chronic lower back spasms.

42. As a result of Continuum's unlawful actions, Ms. Lust suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and

future, damage to her personal and professional reputation, emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

43. Continuum's actions are willful, wanton, and outrageous so as to justify an award of punitive damages.

**WHEREFORE,** Ms. Lust respectfully requests judgment against Continuum in an amount that will compensate her for her injuries and damages resulting from Continuum's violation of her rights under the ADA, and award her reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, court costs, expense of litigation, expert witness fees, punitive damages, reasonable attorney's fees for this legal action and defense of her unemployment compensation claim, prejudgment interest, as well as any other further legal and equitable relief the Court deems just and appropriate under the ADA.

### VI.     COUNT II – ADA - RETALIATION

44. The previous paragraphs are incorporated.

45. Ms. Lust participated in protected activity under the ADA when she requested a reasonable accommodation in the form of a chair.

46. Continuum took adverse action against Ms. Lust when it suspended and discharged her in retaliation for requesting a reasonable accommodation.

47.     As a result of Continuum's unlawful actions, Ms. Lust suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and future, damage to her personal and professional reputation, emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

48.     Continuum's actions are willful, wanton, and outrageous so as to justify an award of punitive damages.

**WHEREFORE,** Ms. Lust respectfully requests judgment against Continuum in an amount that will compensate her for her injuries and damages resulting from Continuum's violation of her rights under the ADA, and award her reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, court costs, expense of litigation, expert witness fees, punitive damages, reasonable attorney's fees for this legal action and defense of her unemployment compensation claim, prejudgment interest, as well as any other further legal and equitable relief the Court deems just and appropriate under the ADA.

### VII.    COUNT III – ADA – DISABILITY DISCRIMINATION

49.     The previous paragraphs are incorporated.

50.     Continuum took adverse action against Ms. Lust when it suspended and

terminated her because of her disability.

51. Continuum's stated reasons for her suspension and discharge are a pretext.

52. As a result of Continuum's unlawful actions, Ms. Lust suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and future, damage to her personal and professional reputation, emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

53. Continuum's actions are willful, wanton, and outrageous so as to justify an award of punitive damages.

**WHEREFORE,** Ms. Lust respectfully requests judgment against Continuum in an amount that will compensate her for her injuries and damages resulting from Continuum's violation of her rights under the ADA, and award her reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, court costs, expense of litigation, expert witness fees, punitive damages, reasonable attorney's fees for this legal action and defense of her unemployment compensation claim, prejudgment interest, as well as any other further legal and equitable relief the Court deems just and appropriate under the ADA.

## VIII.   COUNT IV – PHRA – EMPLOYMENT DISCRIMINATION

54.     The previous paragraphs are incorporated.

55.     The PHRA and ADA are interpreted in a co-extensive manner. Fogleman v. Mercy Hosp., 283 F.3d 561, 567 (3d Cir. 2002); Canteen Corp., Div. of Compass Group v. Pa. Human Rels. Comm'n, 814 A.2d 805, n.5 (Pa. Commw. Ct. 2003).

56.     Ms. Lust's claims alleged under the ADA are alleged similarly under the PHRA.

57.     As a result of Continuum's unlawful actions, Ms. Lust suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and future, damage to her personal and professional reputation, emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

**WHEREFORE,** Ms. Lust respectfully requests judgment against Continuum in an amount that will compensate her for her injuries and damages resulting from Continuum's violation of her rights under the PHRA, and award her reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees for this legal action and defense of her unemployment

compensation claim, prejudgment interest, as well as any other further legal and equitable relief the Court deems just and appropriate under the PHRA.

## IX. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury in this action for all issues so triable.

Respectfully submitted,

TREMBA, KINNEY, GREINER & KERR, LLC

Date: __04/25/2018____   By:   /s/ Lawrence D. Kerr, Esq.
Lawrence D. Kerr, Esq.
PA I.D. #58635

/s/ Claire E. Throckmorton, Esq.
Claire E. Throckmorton, Esq.
PA I.D. #321125
Attorneys for Plaintiff
302 West Otterman Street
Greensburg, PA 15601